IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 11-00101 |
| v. | ) | Judge Terrence F. McVerry |
| | ) | |
| JOHN A. BROWNLEE, III | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO RECONSIDER
<u>ORDER DISALLOWING RELEASE ON BAIL</u>**

AND NOW, comes the United States of America by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney, and respectfully submits the following Response in Opposition to defendant's Motion to Reconsider Order Disallowing Release on Bail.

1. By Memorandum Order on May 26, 2011, this Court properly concluded that defendant Brownlee, who has been indicted by a federal grand jury of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252 (a)(2), had failed to overcome the presumption in favor of detention for the reason that he poses a danger to other persons and, as such, the community and ordered the defendant detained without bond pending trial. The Court reasoned that "the government had presented substantial evidence that Brownlee has been engaged in multiple efforts to arrange actual sexual encounters with real prepubescent children." <u>See</u> Memorandum Order at p. 6 , Dkt. No. 28.

2. Defendant now files his Motion to Reconsider Order Disallowing Release on Bail (Dkt. 31), attaching a "Verification" from a daughter identified as Niki Brownlee, which Verification counsel for Defendant asserts will has "laid waste" to a "critical portion of the court's reasoning to continue to incarcerate defendant" and insists that the Court should "err on the side of caution" and "at the very least allow the sworn statements of the defendant's daughter to have substantial weight in reconsideration of the defendant's right to bail." Defendant's Motion to Reconsider (Dkt. 31) at p.3.

3. Defendant's Motion to Reconsider is misguided, at best, and otherwise fails to rebut the presumption of detention. At no time, has the government represented that defendant Brownlee claimed to have had sexual contact with a daughter named Niki Brownlee. Indeed, had counsel for defendant thoroughly reviewed the Transcript from the detention hearing, he would have noted that the evidence presented and defendant's own statements repeatedly reference a daughter named "Mia", with whom he claimed to have had sexual contact when she was a child, and who he wanted to set up with a "black male dominant" at present. <u>See</u> Transcript of Detention Hearing at pp. 6, 11, 15, 19-20. Specifically, on a tape recording dated April 29, 2011, played in Court by the government at the detention hearing, defendant can be heard stating "...whether it's the three and a half-year-old and the seven, I'll

be fingering her and I'll be using my tongue on her, you know. That much for sure. If she's really scared, maybe give her a back rub, just to calm her down, you know. I don't know what to expect. I don't know what experience they've had. I just know what I've done with Mia and so forth when she was younger..." See Transcript of Detention Hearing at pp. 19-20 (Dkt. No. 23). In fact, defendant has a step-daughter with his ex-wife, named Miranda "Mia" Brownlee, age 27, residing in Pittsburgh, Pennsylvania.

      4.    Further, the Verification submitted by Defendant, even if accurate, in no way rebuts the presumption in favor of detention in this case. The United States has filed a detailed brief in support of its Appeal from Order of Release (Dkt. 22) and the United States incorporates its arguments and evidence supporting Defendant's detention set forth in its brief by reference as if set forth fully herein. The evidence set forth by the government at the detention hearing clearly demonstrated that defendant poses a significant danger to the community because he not only possesses the clear and express desire to have sexual contact with extremely young children, but has demonstrated his willingness to take very real action toward his desire. See Transcript of detention hearing at Dkt. No. 23.

WHEREFORE, the government respectfully requests that defendant's Motion to Reconsider Order Disallowing Release on Bail be denied and this Court's Memorandum Order ordering that defendant be detained without bond pending trial (Dkt. 28) remain in full force and effect.

                                  Respectfully submitted,

                                  DAVID J. HICKTON
                                  United States Attorney

                                <u>s/ Jessica Lieber Smolar</u>
By:   JESSICA LIEBER SMOLAR
       Assistant U.S. Attorney
       U.S. Post Office & Courthouse
       700 Grant Street, Suite 4000
       Pittsburgh, Pennsylvania 15219
       (412) 894-7419 (Phone)
       PA ID No. 65406