# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN A. BROWNLEE, III,<br>　　　　　Defendant. | )<br>)<br>)　　2:11-cr-101<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO RECONSIDER ORDER DISALLOWING RELEASE ON BAIL (Document No. 31) filed by Defendant. The government has filed a response in opposition (Document No. 32) and the motion is ripe for disposition.

Factual and Procedural Background

The factual and procedural history of this case was set forth at length in the Court's Memorandum Order of May 26, 2011 and will not be repeated in full. On February 4, 2011, Brownlee was indicted by a federal grand jury on one count of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2), which carries a statutory mandatory minimum sentence of five years imprisonment. The government has represented that it intends to bring additional charges against Brownlee "in short order."

On May 17, 2011, the Magistrate Judge conducted a detention hearing. At the detention hearing, Brownlee did not testify, nor did his attorney present any witnesses or evidence on his behalf. The government presented testimony from FBI Special Agent Tanya Evanina about the six-month undercover investigation of Brownlee, including his numerous conversations with

confidential informants. In summary, Brownlee expressed to informants, *inter alia,* his desire to engage in sexual activity with very young children; that he had engaged in numerous sexual encounters with his own daughter (now an adult) beginning when she was three years old; that he was actively searching for mothers and/or nannies who would allow him to have sexual "access" to young children in their care; that he was arranging for his daughter to have a sexual encounter with two young boys in Washington, D.C.; and that he had previously arranged with a bus driver from New Jersey to drop off the driver's daughter in Pittsburgh for sexual encounters. In addition, Brownlee sent numerous photographs to the informant which depicted prepubescent children engaging in sexual activity. Special Agent Evanina also testified regarding Brownlee's extensive efforts to arrange a sexual encounter with a (purported) seven-year-old daughter of another confidential informant and his arrest at the local hotel room Brownlee had acquired to consummate the encounter.

Legal Analysis

A motion for reconsideration is granted only if one of three situations is shown: (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171 (1986)).

In this case, Defendant concedes and acknowledges that a rebuttable presumption of detention is triggered by the charge that he distributed child pornography. *See* 18 U.S.C. § 3142(e)(3)(E) (specifically enumerating offenses under 18 U.S.C. § 2252(a)(2) as triggering the

presumption). Therefore, Brownlee must present credible evidence: (1) that he poses no threat to the community; and (2) that he will appear at trial. The government argues that the facts would justify Brownlee's detention even in the absence of such a presumption.

At the detention hearing, Brownlee did not present any "evidence" other than the arguments of counsel. In the motion for reconsideration, Defendant contends that "a central core of the court's reasoning" that Brownlee should be detained pending trial was based on his alleged lengthy sexual relationship with his daughter. In support of the motion, Defendant has submitted a portion of the hearing transcript in which Special Agent Evanina testified that "Brownlee informed the CHS that he has an ongoing sexual relationship with his now-adult daughter, and admitted to having sexual contact with this daughter since she was three (3) years of age and to sexually penetrating her since she was twelve (12) years of age." Transcript at 11-12. Defendant has also submitted a "Verification" dated May 31, 2011 from Niki Brownlee, who lives in Bushkill, Pennsylvania, purporting to be Defendant's "only" daughter (quotations in original) and denying any improper sexual relationship with Defendant.

The government, in response, contends that the Court properly found that Brownlee failed to meet his burden to overcome the statutory presumption of detention; that the Court properly found that Brownlee poses a danger to the community due to his multiple efforts to arrange actual sexual encounters with real prepubescent children; and that Defendant's motion for reconsideration fails to undermine the Court's reasoning. In particular, the government points out that the evidence presented at the detention hearing refers to an improper sexual relationship between Brownlee and his daughter "Mia" – rather than Niki. Transcript at 6, 11, 15, 19-20. The government represents that Brownlee has a step-daughter with his ex-wife who resides in the Pittsburgh area and has the nickname "Mia."

3

The Court affirms its detention decision. The newly-presented evidence was arguably available at the time of the detention hearing, and in any event, falls far short of rebutting the presumption that Brownlee poses a danger to other persons and the community.

In accordance with the foregoing, the MOTION TO RECONSIDER ORDER DISALLOWING RELEASE ON BAIL (Document No. 31) filed by Defendant is **DENIED**. Defendant shall be detained without bond pending trial.

SO ORDERED this 2nd day of June, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jessica Lieber Smolar, AUSA
Email:jessica.smolar@usdoj.gov

Leonard E. Sweeney, Esquire
Email: thelawfirmpghpa@comcast.net

Dennis Lydon
United States Marshals

United States Pretrial Services