IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 11-00101 |
| v | ) | |
| | ) | |
| JOHN A. BROWNLEE, III | ) | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a three-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of Material Depicting the Sexual Exploitation of a Minor On or about February 4, 2011 | 18 U.S.C. § 2252(a)(2) |
| 2 | Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity beginning on or about November 1, 2010, to on or about May 12, 2011 | 18 U.S.C. § 2422(b) |

| | | |
|---|---|---|
| 3 | Attempted Production of Material Depicting the Sexual Exploitation of a Minor from on or about April 30, 2011, to on or about May 12, 2011 | 18 U.S.C. § 2251(a) and (e) |

The Superseding Indictment also contains allegations of Criminal Forfeiture pursuant to Title 18, United States Code, Section 2253.

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt

1. That the defendant knowingly distributed a visual depiction of a minor in interstate or foreign commerce or using an instrument of interstate or foreign commerce, by any means including by computer, or through the United States mail.

> Title 18, United States Code, Section 2252(a)(2), United States v. X-Citement Video, 115 S.Ct 464 (1994); United States v. Gallardo, 915 F 2d 149 (5th Cir 1990)

2 That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor

Title 18, United States Code, Section 2252(a)(2); <u>United States v. McCormick</u>, 675 F.Supp. 223 (M.D. Pa. 1987), <u>United States v X-Citement Video</u>, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct. Title 18, United States Code, Section 2251(a)(2)(B).

**B.   As to Count Two:**

For the crime of Attempted Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b), to be established, the United States must prove all of the following elements beyond a reasonable doubt·

1. That the defendant used the mail or any facility or means of interstate or foreign commerce; and

2. That the defendant knowingly persuaded, induced, enticed, or coerced any individual who had not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, or attempted to do so.

Title 18, United States Code, Section 2422(b).

**C.   As to Count Three:**

In order for the crime of Attempted Production of Material Depicting the Sexual Exploitation of a Minor in violation of Title 18, United States Code, Sections 2252(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

> Title 18, United States Code, Section 2251(a).

2 That the defendant intended that the minor engage in sexually explicit conduct

> Title 18, United States Code, Section 2251(a).

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

> Title 18, United States Code, Section 2251(a).

4. That the production of the visual depiction would involve the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means.

> Title 18, United States Code, Section 2251(a).

### III. **PENALTIES**

**A. As to Count 1:** Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C § 2252(a)(2)):

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110,

Chapter 71, Chapter 109A, Chapter 117 or under section 920 of title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

    2.    A fine of $250,000.00, 18 U.S.C §3571(b)(3);

    3    A term of supervised release of at least 5 years, up to life, 18 U.S.C. §3583(k);

    4.    Any or all of the above

    **B.**    **As to Count Two:** Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity (18 U.S C § 2422(b)):

    1.    Imprisonment of not less than ten (10) years and up to life, 18 U S.C. § 2422(b);

    2.    A fine of not more than $250,000.00, 18 U.S.C. § 3571(b)(3);

    3.    A term of supervised release of not less than five (5) years and up to life, 18 U.S.C. § 3583(k); and

    4.    Any or all of the above.

    **C.**    **As to Count Three:** Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S C. §§ 2251(a),(e)).

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

2. A fine of $250,000.00 (18 U.S C § 3571(b)(3)).

3 Supervised release for any term of years not less than 5, and up to life (18 U.S.C. § 3583(k))

4 Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S C. §§ 3663, 3663A, and 3664

## VI.  FORFEITURE

As set forth in the Superseding Indictment, this case may involve forfeiture of the defendant's interest in a certain asset(s)

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406