# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2: 11-cr-00101 |
| v. | ) | 2: 14-cv- 0725 |
| | ) | |
| JOHN A. BROWNLEE, III | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 105) filed by Defendant John A. Brownlee, III ("Brownlee") with a lengthy brief and exhibits in support. Brownlee also filed two motions to amend/correct typographical errors. The government filed a response in opposition to the motion, with several exhibits, and the motion is ripe for disposition.

Factual and Procedural Background

Brownlee was charged in a three-count superseding indictment at Crim. No. 11-101 with: at Count One, Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2); at Count Two, Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b); and at Count Three, Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a) and (e). Each charge carries a statutory mandatory minimum term of imprisonment: five (5) years at Count One; ten (10) years at Count Two; and fifteen (15) years

at Count Three.

As described more fully in the Court's prior opinions in this case, the charges stemmed from a lengthy undercover investigation during which Brownlee allegedly expressed to informants that he was actively searching for mothers and/or nannies who would allow him to have sexual "access" to young children in their care. In addition, Brownlee allegedly sent numerous photographs to an informant which depicted prepubescent children engaging in sexual activity. As the investigation continued, Brownlee allegedly engaged in extensive efforts with informants to arrange an illicit sexual liaison with a seven-year-old girl at a local motel.

On April 30, 2011, Brownlee met with the purported mother (and another confidential source) at an Eat 'n Park restaurant to plan an illicit sexual liaison at a local motel. At the meeting, Brownlee gave each confidential source $100. Brownlee specified that the seven-year-old girl was to wear a Catholic schoolgirl outfit, discussed the sex acts he would perform, and agreed to reserve and pay for the hotel room. Brownlee also agreed to bring the girl a Barbie doll as a gift and to pay an additional $200 to the mother.

On May 11, 2011, Brownlee reserved a room for the next day at the Knight's Inn in Bridgeville, Pennsylvania. Brownlee then called the confidential source with directions to the motel. Shortly after noon on May 12, 2011, Brownlee drove to the Knight's Inn, went to the front desk, and paid cash for the reserved room. He then returned to his car, drove to the back of the motel and parked in front of the rented room, where he was taken into custody. In Brownlee's car, the agents recovered a Barbie doll wrapped in pink paper, a brand new camera, "penis straws," lubricant, maxi pads, Viagra pills, condoms and $200 in cash.

Brownlee privately retained Leonard E. Sweeney, Esquire to act as his attorney. At the time, Sweeney was an active member of the Pennsylvania bar. On May 30, 2013 (more than a

year after Brownlee's conviction and sentence), Sweeney was disbarred. The Report and Recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania thoroughly summarizes the misconduct of Sweeney. Importantly, such misconduct was entirely unrelated to Sweeney's representation of Brownlee in this case.

On January 5, 2012, Brownlee pled guilty pursuant to the terms of a written plea agreement with the government. The terms of the plea agreement provided, inter alia, that the government would dismiss Counts 1 and 3 of the Superseding Indictment (although Brownlee acknowledged his responsibility for such conduct) and that Brownlee would receive a 3-level decrease in his offense level for acceptance of responsibility. Of particular relevance to the instant motion, Brownlee agreed to waive his right to take a direct appeal and agreed to waive his right to collaterally challenge his conviction or sentence pursuant to § 2255. During the plea colloquy, the Court carefully and specifically explored these provisions of the plea agreement and found that Brownlee's appellate and § 2255 waivers were voluntary, knowing and intelligent.

On May 15, 2012, the Court conducted a sentencing hearing at which several witnesses testified on Brownlee's behalf, including psychiatrist Dr. Lawson Bernstein. Brownlee also addressed the Court. Brownlee faced a statutory maximum of life imprisonment. The advisory guideline range as calculated in the presentence investigation report was 210-262 months of imprisonment. The Court decided to vary downward from the advisory guideline range and imposed a sentence of 168 months of imprisonment.

On June 29, 2012, Brownlee filed a direct appeal to the United States Court of Appeals for the Third Circuit. The government filed a motion to summarily dismiss the appeal, based on the waiver contained in the plea agreement. On March 5, 2013 the Court of Appeals granted the

government's motion and dismissed Brownlee's appeal (ECF No. 87). In May 2013, Brownlee filed another appeal to the Third Circuit Court of Appeals, which he ultimately withdrew. The instant motion was filed on June 5, 2014.

Legal Analysis

In his § 2255 motion, Brownlee contends that his counsel was ineffective; that he was entrapped by government agents; that he was attempting to impress the cooperating witness and would not have actually consummated his encounter with the young girl; and asserts that the government withheld evidence that proves his actual innocence and presented perjured testimony.

The government contends that this motion should be summarily denied because Brownlee knowingly and voluntarily waived his right to file a § 2255 motion in the plea agreement and has not suffered any manifest injustice. The government contends that his § 2255 waiver was valid and should be enforced, despite the contrary Formal Opinion 2014-100 issued by the Pennsylvania Bar Association Legal Ethics and Professional Responsibility Committee and its subsequent voluntary decision to no longer include such § 2255 waivers in future plea agreements. In sum, the government argues that the ethics opinion is advisory-only; that waivers of claims of ineffective assistance of counsel were upheld and enforced in *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008); and that this Court properly verified that the waiver by Brownlee was knowing and voluntary. In the alternative, the government contends that Brownlee's claims are without merit because his constitutional rights were not violated and his attorney was not ineffective. In particular, the government points out that Brownlee could have received a much harsher sentence because the charges against him carried a statutory maximum

penalty of life imprisonment and that if Brownlee had been convicted after trial, he would have faced an advisory guideline range of 292-365 months of imprisonment. The government also argues that the evidence against Brownlee was strong and rejects the accusation that it acted improperly. The Court concludes that an evidentiary hearing is not necessary.

    A. Validity of § 2255 Waiver

In *United States v. Joseph*, 2014 WL 2002280 (W.D. Pa. May 15, 2014), Judge Ambrose recently and cogently summarized the current status of the law with respect to whether § 2255 waivers, such as that contained in Brownlee's plea agreement, remain valid and enforceable.

> Generally, in this Circuit, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). Although the attorney ethics surrounding such waivers have recently been called into question, our Court of Appeals has since affirmed their enforceability as a legal matter. *E.g., Muller v. Sauers*, 523 Fed. Appx. 110, 111–12 (3d Cir. 2013). *Khattak*, which rejected an argument similar to that which Defendant now advances, remains in force in this Circuit generally, and in the collateral attack context specifically. *See, e.g., United States v. Murray*, 483 Fed. Appx. 690 (3d Cir. 2012). As the above-referenced Ethics Opinion acknowledges, the Advisory Committee's position is "aside from whether the courts might approve such waivers." Ethics Advisory Opinions are not binding on federal courts. Although our Court of Appeals may someday declare collateral attack waivers per se invalid in light of the ethical dilemmas they present, it has not done so to date. *Cf. United States v. Grimes*, 739 F.3d 125 (3d Cir. 2014). Absent guidance from our appellate court, I am unwilling to arrive at such a rule.

The Court agrees with this analysis.

Upon examination of the record, it is clear that Brownlee's waiver of his right to file a collateral attack of his conviction and/or sentence was knowing and voluntary. Brownlee was 62 years old, college-educated, and had a long professional work history. The Court was aware of the potentiality that Brownlee might later attempt to assert an

5

ineffective assistance of counsel claim. Thus, throughout the plea and sentencing colloquys, the Court exercised care to ensure that Brownlee fully understood his constitutional rights, the mandatory minimum and maximum sentences he faced, and the terms of the agreement with the government. During the sentencing process, attorney Sweeney advocated for a term of imprisonment below the statutory mandatory minimum. However, the Court (and the prosecution) clearly explained that a ten-year minimum was applicable. *See* Sentencing Transcript at 71, 74, 84; Plea Hearing Transcript at 12. As Judge Ambrose observed in *Joseph*:

> Our Court of Appeals has "long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where ... an adequate plea hearing was conducted." *Delbridge*, 504 Fed. Appx. at 151. Thus, such circumstances do not meet the ineffective assistance standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Shedrick*, 493 F.3d at 299.

The Court specifically explored Brownlee's agreement to waive his right to file a §2255 collateral attack of his conviction or sentence and found such waiver to be valid. Plea Hearing Transcript at 16-17. The Court also asked Brownlee in open court whether anyone had forced him in any way to enter a plea of guilty, which Brownlee denied. To the contrary, Brownlee verified that the decision to plead guilty was his "own knowing, free and voluntary act." Brownlee also affirmed (during both the plea and sentencing colloquys) that he was satisfied in all respects with the advice and representation provided by attorney Sweeney.

> As explained by Judge Ambrose in *Joseph*:
>
> [I]t is important to note the Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a

strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The Court concludes that enforcement of Brownlee's plea agreement, including his waiver of his right to file a § 2255 collateral attack of his conviction and/or sentence, would not work a miscarriage of justice. Brownlee's decision to enter into an agreement with the government to plead guilty and to be sentenced accordingly with no right to appeal, was knowing, free and voluntary.

There was no misconduct by the prosecution. An entrapment defense is not available to a person who is predisposed to commit the crime. *See Stiles v. Balicki*, 2012 WL 395451 (D.N.J. 2012) (citations omitted). Brownlee was apprehended in the motel parking lot after he had already paid for a motel room for his planned encounter with the 7-year-old girl. Agents were not required to wait until his scheme progressed even further. By deciding to plead guilty, Brownlee gave up his opportunity to present his theories of innocence to the jury and to challenge the credibility of the informants. Brownlee then admitted his guilt under oath in open court. In accordance with the foregoing, his § 2255 motion will be denied.

B. Ineffective Assistance of Counsel Claims

Because the Court has concluded that the § 2255 waiver is valid and enforceable, the Court need not reach the specific allegations of ineffectiveness of counsel raised by Brownlee. The Court notes, however, that to succeed in such a claim, Brownlee would have to satisfy both of the following two prongs: (1) such deficient performance by counsel that it deprived him of his constitutional right to assistance of counsel; and (2) a reasonable probability of prejudice. On this record, there is no evidence of prejudice. To the contrary, the record reflects that the plea agreement provided several distinct advantages to Brownlee. In particular, the government: (1)

allowed Brownlee to plead guilty to only one of the three charged offenses; and (2) stipulated to a 3-level reduction in his offense level for acceptance of responsibility. If Brownlee had been convicted after trial of all three crimes charged in the superseding indictment, the Court would have been required by statute to sentence Brownlee to a minimum term of imprisonment of fifteen years (180 months) and up to a maximum of life imprisonment. The government points out that Brownlee's advisory guideline range, upon conviction after trial, would have been 292-365 months. Nor was Brownlee prejudiced by the sentencing proceeding. The Court expressly noted the persuasive argument and passionate plea of attorney Sweeney for a downward departure and/or variance. Sentencing Transcript at 84. The Court, in fact, imposed a sentence (168 months) that varied downward substantially from the advisory guideline range despite the heinousness of Brownlee's crime. In sum, there is no evidence that Brownlee has been prejudiced by any of the alleged representational conduct of attorney Sweeney.

Conclusion

In conclusion, Brownlee's waiver of his right to file a § 2255 motion was valid and enforceable. In accordance with the foregoing, Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 105) will be **DENIED**. Civil Action No. 14-725 will be docketed closed.

A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 2: 11-cr-00101 |
| v.        ) | 2: 14-cv- 0725 |
| ) | |
| JOHN A. BROWNLEE, III  ) | |

## ORDER OF COURT

AND NOW this 28th day of July, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 105) filed by John A. Brownlee, III, is **DENIED**.

Civil Action No. 14-725 shall be docketed closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
Senior United States District Judge

cc:

Jessica Smolar, AUSA

JOHN A. BROWNLEE, III
USMS 32968068
FCI Fort Dix West
PO Box 2000
Fort Dix, NJ 08640
(via US Mail)