# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2: 11-cr-00101 |
| v. | ) | 2: 14-cv- 0725 |
| | ) | |
| JOHN A. BROWNLEE, III | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the 53-page MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE: MOTION FOR RECONSIDERATION (Document No. 117) filed by Defendant John A. Brownlee, III ("Brownlee") with exhibits in support. The government filed a response in opposition to the motion (ECF No. 118) and the motion is ripe for disposition.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. See id. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Legal Analysis

In his original § 2255 motion (and his two subsequent motions to amend/correct that motion), Brownlee contended that his counsel was ineffective; that he was entrapped by government agents; that he was attempting to impress the cooperating witness and would not have actually consummated his encounter with the young girl; and asserted prosecutorial misconduct in that the government allegedly withheld evidence that proves his actual innocence and presented perjured testimony. The government contended that Brownlee's motion should be summarily denied because Brownlee knowingly and voluntarily waived his right to file a § 2255 motion in the plea agreement and has not suffered any manifest injustice. As explained in a lengthy Memorandum Opinion and Order of July 28, 2014, the Court agreed with the government that Brownlee's waiver of his right to file a collateral attack of his conviction and/or sentence was knowing and voluntary and Brownlee's § 2255 motion was denied.

In the instant motion for reconsideration, Brownlee essentially repeats many of the same arguments he made in his initial § 2255 motion. In addition, Brownlee contends that his due process rights were violated when: (1) the Court "denied" his right to reply to the government's opposition to his § 2255 motion; and (2) he received an allegedly incomplete version of the government's opposition through the prison mail system. The Court will address these contentions seriatim.

As to issues raised in his initial § 2255 motion, Brownlee has failed to identify any change in controlling law, newly-available evidence, or clear errors which create manifest injustice. Therefore, reconsideration is not warranted. The Court adheres to its Memorandum Opinion and Order of July 28, 2014.

Brownlee's complaint that he was denied due process by not having been afforded an

opportunity to file a reply brief is without merit. Brownlee was given more than a full opportunity to be heard. Indeed, he filed over three hundred (300) pages of advocacy on behalf of his § 2255 motion, inclusive of his two motions to amend/correct his filing. *See* ECF Nos. 105, 106, 108, 111. A reply brief is not essential. Fed. R. Governing §2255 Proceedings 5(d) provides that a moving party "may" submit a reply, if such reply is filed "within a time fixed by the judge." According to the Practices and Procedures of this member of the Court, § II(B), reply briefs are "not encouraged, but may be filed without leave of Court if filed within (7) days of the date the opposition brief was filed." In this case, the government filed its opposition brief on July 11, 2014. Brownlee did not file a reply brief within the next seventeen (17) days, nor did he notify the Court of his desire to do so. The Court was not required to wait longer to issue its Memorandum Opinion, based on the mere possibility that Brownlee would seek to file an untimely reply brief.[1] *See also* 28 U.S.C. § 2255(b) (motion may be ruled upon without notice to government if "the files and records of the case conclusively show that the prisoner is entitled to no relief"); 28 U.S.C. § 2255(c) (court may resolve motion without production of prisoner at a hearing). In this case, the files and records conclusively show that Brownlee is entitled to no relief.

Brownlee's contentions regarding the alleged problems with the prison mail system are also without merit. Brownlee filed a separate motion regarding this issue, which the government opposed. (ECF Nos. 114, 115). After consideration of the arguments of each side, the Court issued an Order of Court which denied Brownlee's motion as moot, in light of the government's representation that it would send another unredacted copy of its response to him. (ECF No. 116.)

---

[1] The Court notes that the government's response in opposition to Brownlee's instant motion for reconsideration was filed on September 9, 2014. To date, Brownlee has not attempted to file a reply brief.

Brownlee has not articulated any cognizable basis for the Court to reconsider this order.

Brownlee has also described, at length, his medical conditions subsequent to his sentence and incarceration, and the response thereto of the Bureau of Prisons. Complaints about alleged inadequate medical care while serving a sentence are not cognizable pursuant to 28 U.S.C. § 2255. Moreover, because Brownlee's complaints were not previously raised and/or addressed in the Court's Memorandum Opinion of July 28, 2014, they are not cognizable in a motion for reconsideration.

Conclusion

In accordance with the foregoing, Defendant's MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE: MOTION FOR RECONSIDERATION (Document No. 117) will be **DENIED**.

A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | 2: 11-cr-00101 |
| v. | ) | 2: 14-cv- 0725 |
| | ) | |
| **JOHN A. BROWNLEE, III** | ) | |

## ORDER OF COURT

AND NOW this 22nd day of September, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE: MOTION FOR RECONSIDERATION (Document No. 117) is **DENIED**.

No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
Senior United States District Judge

cc:    Jessica Smolar, AUSA

JOHN A. BROWNLEE, III
USMS 32968068
FCI Fort Dix West
PO Box 2000
Fort Dix, NJ 08640
(via US Mail)